

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,787-01

### EX PARTE KENNETH RAY JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 23235CC IN THE COUNTY COURT AT LAW FROM KAUFMAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to thirty years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance by not telling Applicant that his sentence could be ordered to be served consecutively to an earlier sentence and by not objecting to the order that the sentence run consecutively.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to whether the trial judge orally pronounced this sentence to run consecutively to sentences from Denton County. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. The supplemental record shall also contain a copy of the agreed plea recommendation and admonishments and the trial court's docket sheets. Any extensions of time shall be obtained from this Court.

Filed: March 4, 2015
Do not publish